[No. 9,833.    In Bank.—April 27. 1885.]

THE COUNTY OF SANTA CLARA, RESPONDENT, v. THE SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

COUNTY GOVERNMENT ACT—REPEAL OF PRIOR ACTS.—The act of March 13, 1883—section 4045 of the Political Code—was superseded and repealed by the county government act of March 14, 1883.

ID.—LICENSE ON RAILROAD.— The board of supervisors of a county have power, under subdivision 27 of section 25 of the county government act, to require a license tax to be paid by any person carrying on the business of a steam railroad within their county.

ID.—ORDINANCE—OMISSION TO RECORD SEAL—BOARD OF SUPERVISORS.—Where an ordinance has been properly passed by the board of supervisors, the omission of the clerk to add the seal of the board to the record of it in the ordinance book does not render it invalid.

ID.—ORDINANCE, WHEN CAN BE PASSED.—The county government act does not require that the ordinance imposing county licenses should be passed on the first Monday in October.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

On Saturday, the 6th of October, 1883, the board of supervisors of Santa Clara county passed an ordinance imposing county licenses, which provided that it should be unlawful for any person to engage in or carry on the business or occupation of a steam railroad company in such county, without first taking out or procuring a license authorizing him to carry on such business. The defendant, a railroad corporation engaged in operating its road in Santa Clara county, having failed to take out the required license, the present action was brought to recover the amount of the tax due. The further facts appear in the opinion of the court.

*J. B. Lamar,* for Appellant.

Section 4045 of the Political Code was not repealed by the county government act of March 14, 1883. Such enactments should be construed together. So construed, the ordinance in question is void, because it was not passed on the first Monday in October, as required by section 4045 of the Political Code. (*People* v. *McCreery,* 34 Cal. 441.) The law expressing the various kinds of business subject to license tax, and omitting railroad business, exempts it.

*Howell C. Moore, Daniel W. Burchard,* and *J. H. Campbell,* for Respondent.

The authority for enacting the ordinance under consideration is conferred by the county government act of March 14, 1883. Such act repealed title II, relating to the government of counties, as originally enacted in the Political Code, with the subsequent amendments thereto, including that of March 13, 1883. (*Ex parte Walters,* 65 Cal. 269; *Ex parte Benjamin,* 65 Cal. 310; *United States* v. *Tynen,* 11 Wall. 92.) The ordinance was not required to be passed on the first Monday in October. (*Hart* v. *Plum,* 14 Cal. 155; Sedgwick on Const. Law, 372.)

THORNTON, J.—The act of 13th March, 1883, (Stats. 1883, p. 297—which is § 4045, Pol. Code) was superseded and repealed by an act passed on next day, commonly known as the county government act. (Stats. 1883, 297, § 25, sub. 27, p. 308.) This was so held in *Ex parte Benjamin,* 65 Cal. 310.

To take another view, section 184 of the county government act repealed all acts and all parts of acts inconsistent with it. (Stats. 1883, p. 365.) Conceding that the act of 13th of March, 1883 (§ 4045, Political Code) is only repealed so far as it is inconsistent with the county government act, we find nothing inconsistent in the two acts, so far as regards the power to impose the license in question is concerned. The power to impose this tax is plainly conferred by sub. 27 of section 25 of the county government act. (*Ex parte Benjamin, supra.*) Great caution is required in dealing with the maxim referred to by counsel for defendant, *expressio unius est exclusio alterius*. (See remarks of Lord Chancellor Campbell, in *Sanders* v. *Evans*, 8 H. L. Cases, 729, referred to by Broom in his Legal Maxims, 640–1, 627, 6th Am. from London edition, and cases there cited and commented on.) We are of opinion that this maxim, which is a rule of interpretation, has no application here. These acts must be read together and reconciled, if it can be done. Repeals by implication are not favored.

So, reading these acts together, we are of opinion that the latter act enlarges the power conferred by the former.

We are of opinion that the ordinance imposing the tax was properly passed by the board of supervisors of Santa Clara County (see § 26 of the county government act, Stats. 1883, p. 309), and on a day when it could be passed. (*Ex parte Benjamin, supra.*)

The provisions of this section (26) appear to have been complied with. The ordinance was signed by the chairman of the board, and attested by the clerk. Such is the testimony of the clerk, and there is no other witness.

It does not appear from the record that the seal of the board was copied with the ordinance, when the latter was copied in the ordinance-book offered in evidence; but we would not hold the ordinance void for this neglect of the clerk to comply with the direction to him in the statute (§ 20 of the act last referred to), to record the ordinance at length in the ordinance-book. The ordinance having been properly passed, the omission of the clerk to add the seal of the board to the record of it in the ordinance-book does not render it invalid.

We find nothing in the other points discussed by counsel, and the judgment and order must be affirmed.

So ordered.

MYRICK, J., SHARPSTEIN, J., McKEE, J., and McKINSTRY, J., concurred.