[No. 12974. Department Two. —November 3, 1890.]

MENDOCINO COUNTY, RESPONDENT, *v.* THE BANK OF MENDOCINO, APPELLANT.

LICENSE TAX — SUIT IN NAME OF COUNTY — COUNTY GOVERNMENT ACT — REPEAL OF CODE PROVISION. — The County Government Act (Stats. 1883, p. 299), under which boards of supervisors in their respective counties are given jurisdiction and power, under certain limitations and restrictions, to license every kind of business carried on in the county, to fix the rates of license, and to provide for the collection of the same, repealed section 4045 of the Political Code, added to that code the day before the county government act was passed, which section declares that licenses shall be collected as provided by section 3360 of the Political Code, which provides for suit in the name of the people of the state; and the board of supervisors has power, under the County Government Act, to pass an ordinance fixing licenses for the transaction of business, and providing that suit to collect the license tax should be brought in the name of the county.

ID. — ASSUMPSIT — COLLECTION OF TAX WITHOUT LICENSE TAKEN OUT. — *Assumpsit* will lie in the name of the county to collect a license tax, although the persons carrying on the business taxed had not taxen out the license required by the ordinance under which the tax was levied, if the ordinance authorizes the district attorney to commence suit in the name of the county to recover the license tax against any one required but refusing to pay the same.

ID. — LICENSE TAX UPON BANK OTHERWISE LICENSED BY LAW. — The fact that a bank, for a valuable consideration, obtained a license to transact its business under an act creating a board of bank commissioners, and prescribing their duties and powers, does not relieve it from liability to pay a license tax upon its business, levied by the board of supervisors under the county government act.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*T. L. Carothers,* for Appellant.

*J. Q. White,* and *J. M. Mannon,* for Respondent.

BELCHER, C. C. — In October, 1887, the board of supervisors of Mendocino County passed an ordinance providing for the payment of licenses by persons, firms, and corporations carrying on various kinds of business in

that county, and, among others, the business of banking and loaning money at interest, and also providing that the district attorney should commence suit, in the name of the county, to recover the license tax, against any one required but refusing to pay the same, and that, in case of recovery by the plaintiff, twenty-five dollars damages should be added to the judgment, to be collected from the defendant. At the time the ordinance was passed, and thereafter, the defendant was engaged in the business of banking and loaning money at interest in the county, but refused to pay the license tax required in such case, and thereupon this action was commenced in a justice's court to recover the same with the penalty. The defendant interposed a general demurrer to the complaint, which was overruled, and then answered. By its answer, which was verified, it alleged that the board of supervisors had no right or power to levy, assess, or collect a license from defendant for transacting its business, and that the license tax claimed was illegal, and not warranted in law. An order was thereupon made, transferring the case to the superior court of the county for trial, and in that court it was subsequently tried, and judgment given for plaintiff for the amount sued for. From the judgment so rendered, the defendant appeals.

The principal ground urged for a reversal of the judgment is, that the power to pass an ordinance fixing licenses for the transaction of business was given to boards of supervisors by section 4045, which was added to the Political Code by an act of the legislature passed March 13, 1883 (Stats. 1883, p. 297); that by this section it is provided that " the licenses herein provided for shall be collected as now provided for by the provisions of chapter 15, title 7, part 3, of the Political Code of the state of California"; and that by section 3360, found in the chapter (15) referred to, it is provided that, " against any person required to take out a license who fails, ne-

glects, or refuses to take out such license, or who carries on, or attempts to carry on, business without such license, the collector may direct suit in the name of the people of the state of California, as plaintiff, to be brought for the recovery of the license tax," etc. The argument is, that, under these sections, the board of supervisors had no power to provide, as it did, that suit to collect the license tax should be brought in the " name of the county of Mendocino," and that the ordinance was to that extent void, and consequently the action in the name of the county was not authorized, and could not be maintained. (Citing *County of Monterey* v. *Abbott*, 77 Cal. 541.)

The argument is faulty in two important respects: 1. It is not supported by the case cited. In that case, the ordinance involved provided that actions to collect license taxes should be commenced in the name of the people, and the action was commenced in the name of the county. It was held that where a right is given and a remedy provided by statute or valid ordinance, the remedy so provided must be pursued, and hence that the action could not be maintained. 2. It wholly ignores the fact that, on the next day after section 4045 was added to the code, another act was passed by the legislature, commonly called the County Government Act (Stats. 1883, p. 299), which operated to supersede and repeal the said section, as has been held by this court in two well-considered cases. (*Ex parte Benjamin*, 65 Cal. 310, and *County of Santa Clara* v. *Railroad Co.*, 66 Cal. 642.) By this last act, boards of supervisors in their respective counties are given jurisdiction and power, under such limitations and restrictions as are prescribed by law, " to license, for purposes of regulation and revenue, all and every kind of business not prohibited by law, and transacted or carried on in such county, and all shows, exhibitions, and lawful games carried on therein, to fix the rates of license tax upon

the same, and to provide for the collection of the same, by suit or otherwise." (Sec. 25, subd. 27.) It was then, under the authority conferred by the County Government Act, and not under section 4045 of the Political Code, that the ordinance in question was passed, and the contention of appellant upon this point is therefore wholly without support. Of course, provision might have been made in the ordinance that actions should be commenced in the name of the people, as was done in the ordinance under review in *Ex part Mirande,* 73 Cal. 365. But this was not necessary, as there was equal authority to provide that the actions should be commenced in the name of the county. (See *County of Santa Clara* v. *Railroad Co.,* 66 Cal. 642; *County of Amador* v. *Kennedy,* 70 Cal. 458; *County of San Luis Obispo* v. *Hendricks,* 71 Cal. 242.) In the last-named case, it is true, the judgment for the plaintiff was reversed, but it was for reasons which do not affect this case.

It is also claimed that the demurrer to the complaint should have been sustained, because it appeared therefrom that the defendant had not taken out the license required by the ordinance, and in such case, it is said, *assumpsit* will not lie to collect the license tax. This point is rested on the authority of *City of Santa Cruz* v. *Railroad Co.,* 56 Cal. 143, and *County of Monterey* v. *Abbott,* 77 Cal. 541. But in the Santa Cruz case, as was said in *City of Los Angeles* v. *Railroad Co.,* 61 Cal. 64, "it did not appear that the city of Santa Cruz had provided by ordinance for the collection of licenses by an ordinary action, or that the city charter, in terms, authorized an ordinance providing for the collection of licenses by such action." And in the Monterey case it was held that, where a county ordinance imposing license taxes provides that actions to collect the same shall be in the name of the people, "the failure to take out a license did not, of itself, make the defendant a debtor of the county in such sense that an ordinary action in

the nature of an action for debt could be maintained by the county as 'the real party in interest.'" Evidently, these cases do not support the claim of appellant; for, as we have seen, the ordinance here involved did expressly provide that the actions should be commenced in the name of the county, and this provision was fully authorized by the statute.

As a last ground for reversal, it is urged that the defendant, on payment of a valuable consideration therefor, obtained a license to transact its business under an act of the legislature, passed in 1878, entitled "An act creating a board of bank commissioners, and prescribing their duties and powers" (Stats. 1877–78, p. 740), and therefore that the county of Mendocino, which derived its authority and power from the state, could not interterfere with this privilege, or restrict it by exacting another license tax for transacting the same business. Upon this point, the learned counsel admits that he has been unable to find any authority, either *pro* or *con.* In our opinion, no authority other than the statute is necessary to justify the action of the court below. The County Government Act authorized the board of supervisors to require license taxes to be paid for the privilege of carrying on in the county "all and every kind of business not prohibited by law." This statute fully covers the case, and there is, and can be, no pretense that it is unconstitutional.

We advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For reasons given in the foregoing opinion, the judgment is affirmed.