[S. F. No. 2378.   In Bank. — April 3, 1901.]

FELIX McHUGH, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Public Improvement Act Superseded by San Francisco Charter— Prior Election for Bonds — Injunction. — The Public Improvement Act, providing for elections authorizing bonded indebtedness for the construction of schoolhouses, sewers, etc., was superseded, as to San Francisco, by the taking effect, on January 8, 1900, of the new charter, providing for "permanent municipal buildings and improvements," and stands to the municipality as if it had been repealed. Bonds previously voted for under that act, and not authorized under the provisions of the charter, cannot be issued under the charter; and their issuance will be enjoined at suit of a taxpayer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

William T. Baggett, Charles E. Naylor, and Arthur H. Barendt, for Appellant.

Franklin K. Lane, City Attorney, George W. Lane, and Garret W. McEnerney, for Respondents.

THE COURT.—This case, in all essential particulars, is the same as *Fritz* v. *San Francisco, ante,* p. 373. By the facts disclosed upon this appeal there is no question whatever but that the bonded indebtedness is to be created for the purpose of acquiring "permanent municipal buildings and improve-

ments." Schoolhouses, sewers, etc., come directly within that classification. This being so, the act termed the Public Improvement Act is inconsistent with the provisions of the charter, for by the charter provisions a complete scheme for the acquisition of this character of municipal improvements by the creation of a bonded indebtedness is provided. For this reason, the Public Improvement Act is superseded by the charter, and being superseded, it stands, as to the municipality, exactly the same as if it were repealed. No bonds can be issued under its provisions, for, as a law, it is dead to the city. The bonds, therefore, if they may be issued at all, must be issued under the provisions of the charter. Yet bonds cannot be issued under the provisions of the charter, unless their issuance has been authorized by the provisions of the charter. While the notice of election in this case appears to have been in a similar form to that laid down in the charter, yet the other objections suggested to the proposed issuance of these bonds are fatal.

For these reasons, and upon the authority of the decision in *Fritz* v. *San Francisco, supra,* the judgment in this case is reversed and the cause remanded.

Temple, J., concurred in the judgment.