[S. F. No. 3161.   Department Two.—June 19, 1905.]

ELIZABETH A. WICHMANN, Executrix, etc., Appellant,
v. CITY OF PLACERVILLE, Respondent.

MUNICIPAL CORPORATIONS—AUTHORITY TO ISSUE BONDS—CHANGE OF
CHARTER—VOID ISSUE.—Where a municipal corporation was . authorized by special statute to issue bonds for the relief of its
fire department, and subsequently its former charter and all acts
amendatory thereof were repealed, and a new and complete charter
was conferred upon the city, containing no such authority, a subsequent issue of bonds under the act applicable to the old municipality
was *ultra vires* and void.

ID.—MEASURE OF POWERS—ACTS SUPERSEDED BY NEW CHARTER.—A
charter is the measure of the powers of a municipality; and in
case of the reincorporation of a city, or of a city succeeding another
municipality, the new charter contains the mode of exercise and
measure of its powers, and acts applicable to the former municipality
only are superseded by the new charter.

ID.—ACTS ULTRA VIRES—RATIFICATION—ESTOPPEL.—The *ultra vires* acts
of a municipal corporation are absolutely void, and cannot be
the subject of ratification or estoppel *in pais.*

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Crittenden Thornton, and J. F. Riley, for Appellant.

George H. Thompson, for Respondent.

HENSHAW, J.—This action was at law to recover upon
seven bonds issued by the defendant municipality under an
act of the legislature entitled, ''An act authorizing the com-·
mon council of the city of Placerville to issue certain bonds
for the relief of the fire department of said city,'' approved
April 3, 1863.   (Stats. 1863, p. 166.)   The defendant demurred to plaintiff's amended complaint upon several
grounds.   The demurrer was sustained, judgment passed for
defendant, and plaintiff appeals.

The general demurrer for lack of facts is decisive of this
controversy, and is therefore the only proposition which need
be considered.

It is undisputed that the city of Placerville was incorporated

by charter in 1859, and continued as a municipal corporation
from that date. The legislature passed an act to reincorporate
the city of Placerville, by an act entitled, "An act to reincor-
porate the city of Placerville and extend the limits thereof."
(Stats. 1863, p. 211.) The act was approved April 6, 1863,
and took effect upon the third Tuesday in April of that year.
The same session of the legislature passed the Bond Act above
referred to, which was approved April 3, 1863, and by its
terms became effective immediately after its passage. The act
reincorporating the city of Placerville was a complete charter,
—not an amendment to the old charter,—and contained the
express provision that, "An act entitled an act to incorporate
the city of Placerville, passed March 7, 1859, and all acts
amendatory thereof, are hereby repealed." The situation
thus presented is, that the act authorizing the bonds was a
power conferred upon the old municipality. By respondent
it is contended that the act was in its nature amendatory of
the charter of 1859, and that the effect of the act of reincor-
poration was to repeal the Bond Act as an amendatory act of
the old charter, or, more broadly stated, it was a power con-
ferred upon the old corporation, the exercise of which was not
conferred upon nor continued to the new corporation; that the
power itself therefore lapsed, and could not be exercised by
the reincorporated city. Appellant's contention, upon the
other hand, is, that the reincorporation was but a continuation
in a new form of the old city, and that all the rights, powers,
and duties which belonged to the earlier municipality were
continued in full force under the new charter. In support of
her contention appellant cites certain cases, each of which has
been given careful consideration. No one of these cases, how-
ever, bears out appellant's contention. One and all they have
to do—not with the power of a reincorporated town to create
a  new  obligation  authority  to  create  which  is  not
included  in  terms  or  by  necessary  implication  in  its
charter  grant  of  power—but  simply  with  the  question
of  the  responsibility  of  a  reincorporated  town  for  the
obligations legally created by its predecessor. In all of these
cases it is recognized that the strictness of the common-law
rule has been modified, and that such obligations become a
legal burden upon the reincorporated city without express
provision in the new charter to that effect, and that, such

being the law, the power to meet and extinguish such obligations by taxation, or other appropriate method, is likewise continued. Such was the decision of this court in *Frank* v. *City and County of San Francisco,* 21 Cal. 668, 696. Such was the case of *Broughton* v. *Pensacola,* 93 U. S. 266; *Mt. Pleasant* v. *Beckwith,* 100 U. S. 520; *Shapleigh* v. *San Angelo,* 167 U. S. 646, 17 Sup. Ct. 957; *Louisiana* v. *Pillsbury,* 105 U. S. 278; *Mobile* v. *Watson,* 116 U. S. 289, 6 Sup. Ct. 398. The syllabus in the last case illustrates the doctrine and general features of them all. It is as follows:—

"When a municipal corporation with fixed boundaries is dissolved by law, and a new corporation is created by the legislature for the same general purposes, but with new boundaries, embracing less territory but containing substantially the same population, the great mass of the taxable property, and the corporate property of the old corporation which passes without consideration and for the same uses, the debts of the old corporation fall upon the new corporation as its legal successor; and powers of taxation to pay them, which it had at the time of their creation and which entered into the contracts, also survive and pass into the new corporation."

But such, it should be repeated, is not the question presented in this case. Here, the new city of Placerville is not being called upon to liquidate obligations incurred by its predecessor. It is called upon to meet obligations which the new city itself incurred, and the sole question is, whether it had the power to create the obligations in question, or whether that creation was *ultra vires.* That it had no such power by the terms of the new charter is undisputed, and saving in those cases alone where powers are continued for the sole and necessary purpose of meeting pre-existing obligations, the new organic law of the city became the sole and absolute measure of its power.

The proposition that charters of municipal corporations are special grants of power from the sovereign authority and are to be strictly construed, and that whatever power is not given expressly, or as a necessary means to the execution of expressly given powers, is withheld, is a proposition too well settled to call for discussion. (*Douglas* v. *Mayor of Placerville,* 18 Cal. 645.) Equally well settled is it that want of power is always a defense to a municipal corporation, and that no estoppel, by

conduct or by ratification, to raise the question of want of power, can be urged against such corporation. This last is a rule of necessity. If a corporation, by ratification, could validate an act, void as being *ultra vires,* no limit could be set to its powers. It could enter into any contract absolutely without authority at law, and by the simple process of recognition and ratification of the void contract give it validity. Such a rule could not, of course, be tolerated. (*Brandenstein* v. *Hoke,* 131 Cal. 101, 35 Pac. 562; *Sutro* v. *Pettitt,* 74 Cal. 332,[1] 16 Pac. 7; *Smith* v. *Broderick,* 107 Cal. 649,[2] 40 Pac. 1033; 1 Dillon on Municipal Corporations, 4th ed., secs. 445, 446.) This rule of construction that the charter is the measure of the powers of the municipality, and that in the case of the reincorporation of a city, or of a city succeeding another municipality, the new charter contains the mode of exercise and measure of its powers, is definitely declared in *First Municipality of the City of New Orleans* v. *Commissioners of the General Sinking Fund,* 1 Rob. (La.) 279. It was applied by this court in the recent case of *Fritz* v. *City and County of San Francisco,* 132 Cal. 373, 64 Pac. 566, where it was held that the terms of the new charter of the city and county which had gone into effect, superseded the provisions of the earlier Park and Boulevard Bonding Act, and that bonds which had been actually voted under this latter act could not be lawfully issued under the terms of the new charter. Nor can the fact that the Bonding Act was passed at the same session of the legislature with the Reincorporation Act be considered as aiding appellant's position. In *Mendocino County* v. *Bank of Mendocino,* 85 Cal. 257, 24 Pac. 1002; *Ex parte Benjamin,* 65 Cal. 310, 4 Pac. 23; and in *Santa Clara* v. *Southern Pacific R. R. Co.,* 66 Cal. 642, 6 Pac. 744, it was held that section 4045 of the Political Code, prescribing duties and powers of boards of supervisors, was superseded and repealed by the County Government Act, which was passed on the very next day.

The judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.

[1] 5 Am. St. Rep. 442.     [2] 48 Am. St. Rep. 167.