(120 N. W. 563.)

---

State of North Dakota v. School District No. 50, Barnes County.

Opinion filed March 13, 1909.

**Appeal and Error — Statement of Case — Specification of Error.**

1. When the settled statement of case in an action properly triable to a jury contains no proper specifications of errors as required by Rev. Codes 1905, section 7058, the same must be disregarded by this court, as said section expressly provides that: "If no such specification is made, the statement shall be disregarded on motion for a new trial, and on appeal." No proper specification being found in the settled statement in this case, this court is restricted to a review of such errors, if any, as appear upon the face of the judgment roll proper.

**Schools and School Districts — Bonds — Validity.**

2. The municipal bonds of defendant school district which are sued upon in this case were issued without first submitting to the electors of the school district the question of their issuance, and, furthermore, the school district had no power to issue the same by the express provisions of the act under which it is claimed they were issued as there were not 25 legal votes cast in such district at the preceding annual school election therein. Chapter 11, page 39, Laws 1887, under which plaintiff contends such bonds were issued, is printed upon the back of the bonds, and section 9 thereof expressly provides that the question of refunding prior indebtedness shall be first submitted to a vote of the qualified electors of the district after giving certain notice therein prescribed of an election for such purpose, and that the proposition to issue such bonds must receive the affirmative votes of at least two-thirds of all the votes cast; also, that no school district in which less than 25 legal votes were cast at the annual school election next preceding the issuance of such bonds shall avail itself of the provisions of this act. *Held*, for these reasons, that such bonds are void.

**Same — Refunding Indebtedness —Effect of Recitals in Bonds — Estoppel.**

3. The bonds in suit contain a recital to the effect that they are issued for the purpose of refunding present indebtedness "as authorized by act of the legislative assembly approved March 11, 1887" (Laws 1887, page 39, chapter 11), entitled "An act to provide for refunding

the outstanding indebtedness which existed prior to July 30, 1886, of any incorporated board of education or school district in the territory of Dakota." *Held,* that such recital does not estop the school district from urging the defense, even as against an innocent purchaser, that such bonds were illegally issued.

### Municipal Bonds — Bona Fide Purchasers — Effect of Recitals.

4. Every purchaser of municipal bonds acquires and holds them charged with full notice of the possession, or absence, of power in the first instance on the part of the public corporation to issue them; and the question of the authority of a public corporation to issue negotiable bonds cannot be concluded by mere recitals, even as against innocent purchasers thereof.

### Schools and School Districts — Authority to Issue Bonds — Submission to Vote of District.

5. The school district possessed no implied authority to issue such bonds on account of the fact that they were refunding bonds and issued in lieu of presumably valid obligations of the district, because by the express provisions of section 9 aforesaid, their issuance was prohibited because of the fact that less than 25 legal votes were cast at the preceeding annual school election.

Appeal from District Court, Barnes county, *Burke,* J.

Action by the State of North Dakota against School District No. 50, of Barnes County. From a judgment for defendant and an order denying a new trial, plaintiff appeals.

Affirmed.

*T. F. McCue,* Atty Gen., and *Andrew Miller,* Asst. Atty. Gen., for the State.

An innocent purchaser has a right to presume that all conditions precedent to the issue of bonds are complied with. Bernards Twp. v. Morrison, 133 U. S. 523; Mont Clair v. Ramsdell, 107 U. S. 147, 27 L. Ed. 431; Knox Co. v. Aspinwall, 21 How. 539; Coler v. School Twp. 3 N. D. 249, 55 N. W. 587; Thompson v. Village of McCosta, 86 N. W. 1044; Huron v. Savings Bank, 49 L. R. A. 534; Hughes County v. Livingstone, 43 C. C. A. 550; Pierce v. Duncomb, 45 C. C. A. 503; Haskell County v. National L. Ins. Co., 32 C. C. A. 594; Pratt County v. Society for Savings, 32 C. C. A. 598; Clapp v. Ottoe County, 45 C. C. A. 587.

The bonds in question are negotiable instruments. Hegeler v. Comstock, 45 N. W. 331; First National Bank v. Flath, 10 N. D. 281, 86 N. W. 867.

*Turner & Wright,* for respondent.

Bare recitals will not preclude a school district from non-compliance with statute. Flagg v. School District, 4 N. D. 30, 58 N. W. 499; Lake County v. Graham, 130 U. S. 674. 9 Sup. Ct. 654. 32 L. Ed. 1065; Buchanan v. Litchville, 102 U. S. 276, 26 L. Ed. 138; Carroll Co. v. Smith, 111 U. S. 556, 4 Sup. Ct. 539, 28 L. Ed. 517; Marsh v. Fulton County, 10 Wall. 676, 19 L. Ed. 1040.

Municipal corporations can issue bonds only upon specific grant of power. Hainer Municipal Securities, section 105; Harris Municipal Bonds, 26; 1 Dillon's Mun. Corp., section 125; Nashville v. Ray, 19 Wall. 468, 22 L. Ed. 164; City of Brenham v. Bank, 36 L. Ed. 390.

Recitals do not preclude pleading ultra vires against a bona fide purchaser. St. Joseph Twp. v. Rogers, 16 Wall. 644, 21 L. Ed. 328; South Ottawa v. Perkins, 94 U. S. 262, 24 L. Ed. 154; County of Davies v. Huidekoper, 98 U. S. 98, 25 L. Ed. 112; Dixin v. Field, 111 U. S. 83, 28 L. Ed. 360; Bank v. Porter Twp., 110 U. S. 608, 28 L. Ed. 258; City of Brenham v. German Am. Bank, 36 L. Ed. 390; 1 Abbot on Municipal Corporations, sections 209, 211; "The Floyd Acceptances," 7 Wall 666, 19 L. Ed. 169; Chisholm v. Montgomery, 2 Woods 584; Fed. Cases No. 2686; Pierre v. Duncomb, 45 C. C. A. 499.

Failure to submit question of issue to a vote renders bond invalid even against a bona fide purchaser. Carroll v. Smith, 111 U. S. 556, 28 L. Ed. 517.

FISK, J. This litigation arose in the district court of Barnes county, and plaintiff's cause of action is based upon 13 alleged negotiable bonds claimed to have been issued by defendant school district on June 28, 1892, aggregating the sum of $5,700, payable to one Miller, or bearer, and purchased before maturity for value by plaintiff, which bonds, it is claimed, were issued in accordance with the provisions of an act of the legislative assembly of the territory of Dakota, approved March 11, 1887 (Laws 1887, p. 39, c. 11), entitled "An act to provide for the refunding of the outstanding indebtedness which existed prior to July 30, 1886, for any incorporated board of education or school district in the territory of Dakota;" a copy of such act being printed on the back of such bonds. Among other defenses relied upon, defendant denies that the alleged bonds were issued to refund outstanding in-

debtedness of the defendant, and alleges that they were signed by the president of the defendant, and by another person pretending to be the clerk thereof, fraudulently and unlawfully, and with no consideration whatever received by the defendant school district therefor. The answer further alleges that no election was had for the purpose of determining the question of the issuance of said bonds, and that the same were signed and delivered without the authority either of the voters of the district as expressed at an election or by resolution or other expression of the board of directors of the district, and it is further alleged by defendant that it was wholly without authority to issue said bonds for the reason that at the annual school election next preceding the pretended issuance thereof less than 25 legal votes were cast. A jury was waived, and, at the close of the testimony, the trial court, among other things, found as a fact the following: "That each of said bonds purports on its face to have been issued by School District No. 50, Barnes County, State of North Dakota, for the purpose of redeeming present indebtedness as authorized by act of the legislative assembly approved March 18, 1887, entitled 'An act to provide for refunding the outstanding indebtedness which existed prior to July 30, 1886, of any incorporated board of education or school district in the Teritory of Dakota.' That a copy of said act is printed in full on the back of each of said bonds. The court further finds as a matter of fact that at the time of the purported execution of the bonds, to wit, on January 28, 1892, James E. Walks, who signed his name to said bonds as clerk of the defendant, did not reside within the territorial limits of the defendant, and did not at any time, either before or subsequent to that date, reside within the territorial limits of the defendant school district. * * * The court further finds that the question of issuing said bonds or of refunding the then existing indebtedness of the defendant school district, if any, was never submitted to a vote of the qualified electors of said school district. The court finds that less than 25 legal votes were cast at the annual school election next preceding the issuance of said bonds, and that less than 25 legal votes were cast at every school election held in said school district prior to the 28th day of January, 1892."

The trial court also made conclusions of law as follows:

"(1) The court holds as a matter of law that the above named James E. Walks was not the clerk of the defendant nor authorized to act as such at the time of the purported issuance of said bonds, nor at any time theretofore or thereafter.

"(2) That said bonds are wholly void as against the defendant upon the ground that the question of their issuance or of refunding the indebtedness of the district was not submitted to a vote of the qualified electors, and upon the further ground that the said school district was wholly without authority to issue said bonds in any event because of the fact that less than 25 legal votes were cast at the preceding annual election held .therein."

Pursuant to such findings and conclusions judgment was ordered and entered in defendant's favor dismissing the action and for costs. In due time a statement of case was settled and a motion for a new trial was made and denied, and this appeal is from the judgment and also from the order denying such motion.

In disposing of this appeal, we are not at liberty to review any alleged error, unless it appears upon the face of the judgment roll proper. The statement of the case as settled contains no proper specification of errors of law occurring at the trial nor of the particulars in which it is claimed that the evidence is sufficient to sustain the findings. That such omission is fatal has repeatedly been held by this court. The statute (section 7058, Rev. Codes 1905) is explicit in requiring such specification of particulars to be incorporated in the statement, and that, "if no such specification is made, the statement shall be disregarded on motion for a new trial and on appeal." Furthermore, the notice of intention to move for a new trial contains no designation of the statutory grounds upon which the same will be made as required by section 7065, Rev. Codes 1905, and this omission is also fatal, and precludes us from examining the evidence.

From a careful examination of the judgment roll proper we fail to discover any reversible error therein. By the findings of the trial court, which must be accepted as final, such bonds had printed thereon the act in full under which it was claimed they were authorized to be issued as aforesaid. By section 9 of the act it is expressly provided that the question of refunding prior indebtedness shall be first submitted to a vote of the qualified electors of the district after giving certain notice therein prescribed of an election for such purpose, and that the proposition to issue such bonds must

receive the affirmative votes of at least two-thirds of all the votes cast. It is also expressly provided in said section that no school district in which less than 25 legal votes were cast at the annual school election next preceding the election therein provided for shall avail itself of the provisions of such act. Turning to the trial court's findings it appears that the question of issuing such bonds was never submitted to a vote of the electors of the district, and it further appears therefrom that less than 25 legal votes were cast at the annual school election next preceding the issuance of such bonds. The conclusion inevitably follows, therefore, that such bonds were issued in direct violation of the act under which it is claimed they were issued, and hence they are null and void, and no recovery can be had thereon unless the plaintiff can successfully invoke the doctrine of estoppel as against the defendant. Appellant's counsel contend that plaintiff, as an innocent purchaser, had a right in purchasing such bonds to rely upon the presumption that all the conditions precedent to the issuance of bonds had been done and performed, and that defendant is estopped by the recitals in the bonds to urge their invalidity. The fallacy of such contention is laid bare by an examination of the facts as found by the lower court, from which it appears that no recitals are contained in the bonds upon which an estoppel can be predicated. The only recital contained in the bond is, in effect, that they are issued for the purpose of refunding present indebtedness as authorized by the act therein referred to. There is no recital of any acts nor is the recital equivalent to a statement that such bonds are issued "in accordance with" or "in conformity to" or "in pursuance of" the act therein referred to. Regarding a similar case the supreme court of the United States in upholding a defense similar to the one here urged said: "We do not think the plaintiff in error is precluded from raising this question by any recitals in the bonds. They contain no statement of any election called or held, or of the vote by which the issue of such bonds was authorized. They do not embody even a general statement that the bonds were issued in pursuance of the statutes referred to. The utmost effect that can be given to them is that of a statement that a subscription to the capital stock of the railroad company was authorized by the statutes mentioned, and that the sum mentioned in the bonds was part of it. They serve simply to point out the particular laws under which the transaction may lawfully have taken place. They say

nothing whatever as to any compliance with the requirements of the statute in respect to which the board of supervisors were authorized and appointed to determine and certify. They do not, therefore, within the rule of decision, acted on by this court, constitute an estoppel which prevents inquiry into the alleged invalidity of the bonds." The same court in a later case, in commenting upon the prior case of Knox County v. Aspinwall, 21 How. 539, 16 L. Ed. 208, relied on by appellant's counsel in the case at bar, took occasion to say: "In the first case dealing with this question (Knox County v. Aspinwall) it was said that a purchaser of such bonds had the right to assume that the conditions of their issue had been complied with merely from the facts of the subscription and issue. But in this case there was a recital, and subsequent cases have limited the adjudication to the precise point necessarily decided. Citizens Saving and Loan Ass'n v. Perry County, 156 U. S. 692, 15 Sup. Ct. 547, 39 L. Ed. 585." Quinlan v. Green County, 205 U. S. 410, 27 Sup. Ct. 505, 51 L. Ed. 860.

The general and we believe the correct rule regarding the binding effect of recitals in bonds is well stated in 1 Abbott's Municipal Corporations, section 209, as follows: "The doctrine as applied to recitals is substantially this: That where legislative authority has been given a public corporation or its officials the power to issue bonds upon the performance of some precedent condition, such as a particular manner of holding an election or the existence of some fact, and where it may be gathered from the legislative enactment that certain officials of the corporation are invested with the power to decide whether the conditions precedent have been complied with or such acts existed, their recitals or statement in the bonds issued by them that they have been so complied with, or that certain conditions exist, is conclusive of the fact and binding upon the corporation; for, as said by the Supreme Court of the United States: 'The recital is itself a decision of the fact by the appointed tribunal.' Such a recital or decision, as it is termed, is conclusive upon the corporation as to bonds in the hands of a bona fide holder, who, it is held, as to such matters, is not bound to look for further evidence of a compliance with the conditions of issue. The recitals or statements work no estoppel, however, except when made by those officials or that tribunal either as specially designated or having the general power to perform such acts. If not made by those having authority to decide and assert the facts

which constitute the conditions precedent to a legal issue of bonds, the recitals will not be accepted as a substitute for proof." In the following three sections the same author says: "The principle of estoppel does not apply, however, to recitals of authority, for in this respect it is held every purchaser of bonds acquires and holds them charged with full knowledge of the possession of power in the first instance on the part of the public corporation to issue them. The question of legislative authority in a public corporation to issue negotiable bonds cannot be concluded by mere recitals, even when the bonds have come into the hands of bona fide holders for value. The doctrine of recitals * * * has never been carried to the extreme of holding that such officials can by their recitals or decisions create a power on the part of the public corporation to issue bonds where none existed. * * * Where negotiable bonds are issued containing no recitals of authority, it is quite generally held that they are not unimpeachable in the hands of the bona fide holders." In speaking upon this question in Flagg v. School District, 4 N. D. 30, 58 N. W. 499, 25 L. R. A. 363, Judge Corliss, among other things, said: "Some cases appear to hold that a mere recital that the bond was issued in pursuance of a particular statute is a sufficient recital of performance of all the conditions precedent prescribed by the statute. See Bernard's Tp. v. Morrison, 133 U. S. 523, 10 Sup. Ct. 333, 33 L. Ed. 726; Mont Clair v. Ramsdell, 107 U. S. 147, 2 Sup. Ct. 391, 27 Sup. Ct. 431; Knox Co. v. Aspinwall, 21 How. 539, 16 L. Ed. 208. We used language in Coler v. School Tp., 3 N. D. 249, 55 N. W. 587, 28 L. R. A. 649, indicating that such a recital would be sufficient to estop the municipality. What was said there was not necessary to the decision of the case, and the writer of this opinion in fact intended to say that a recital that the bond was issued in conformity with a particular statute would be a sufficient recital that all the terms of the statute had been complied with, so far as the officer making the statement had power to pass upon such questions. It might with much force be urged that a bare recital that the bond was issued in pursuance of a particular act would constitute no more than a mere reference to the law under which the bond was issued, and not a declaration that the terms of that law had been complied with. If such construction were to be placed upon these conditions, there would be nothing to estop the municipality, except the mere

fact of issuing the bonds. This is not sufficient to render the munici-
pality liable against proof that the conditions of the statute have
not been complied with"—citing Lake Co. v. Graham, 130 U. S.
674, 9 Sup. Ct. 654, 32 L. Ed. 1065; Buchanan v. Litchfield, 102
U. S. 278, 26 L. Ed. 138; Carroll County v. Smith, 111 U. S. 556,
4 Sup Ct. 539,28 L. Ed. 517; Marsh v. Fulton County, 10 Wall.
676, 19 L. Ed. 1040. Tested by the foregoing rules, it is entirely
clear that the recital in the bonds in the case at bar is insufficient
upon which to predicate an estoppel against the school district. Not
only is this true, but under the statute under which the bonds are
claimed to have been issued there was no power in the district to
issue the same; hence no recital of its officers could operate to
estop the district from urging such defense. "There can be no
estoppel by conduct or ratification where there is a want of power."
6 Cur. Law, 712, citing Wichman v. Placerville, 147 Cal. 162, 81
Pac. 537.

Respondent's counsel, in their printed brief, contend that chapter
11, p. 39, Laws 1887, was not in force at the date of the issuance
of these bonds, as the same was impliedly repealed by chapter
62, p. 177, Laws 1890, and that under the latter act the bonds were
clearly illegal under the decision of this court in case of Flagg v.
School District, 4 N. D. 42, 58 N. W. 499, 25 L. R. A. 363, as
well as numerous other authorities cited by them. It is unneces-
sary for us to determine this question in view of the conclusions
above reached. If the act of 1890 aforesaid was in force, the
bonds were clearly void, even in the hands of an innocent pur-
chaser, as no election was held for the purpose of submitting to
the electors of the district the question of the issuance thereof,
and no certificate of the county auditor was placed upon the back
of such bonds as required by said statute. On the oral argument
counsel for appellant contended that notwithstanding the fact that
defendant district was without power to issue the bonds in suit,
yet having, presumably with authority, issued the original bonds,
it had implied authority independent of any statute authorizing
their issuance to issue refunding bonds in lieu of the original ones.
The trouble with this argument is that it runs counter to the ex-
press provisions of the statute, which, in effect, prohibited the de-
fendant district from issuing such refunding bonds for the reason
that there were not 25 legal votes cast in said district at the preced-
ing election therein. In the face of this express statutory inhibition,

there could be no implied authority for the issuance of said bonds.

It follows from what we have above said the judgment and order appealed from must be affirmed.

All concur.