## In re Consolidation of School Districts—Senate Bill No. 23.

1. Constitutional Law—Title of Act.
Where the title of a bill indicates that its provisions are confined to the public schools of the city of Denver, it is not competent to include provisions for school districts lying partly without the city limits.

2. Same—Local and Special Laws—Common Schools.
The passage of local or special laws providing for the management of common schools is prohibited by the constitution.

3. Same.
The bill under consideration, providing for the consolidation of school district No. 1 of the city of Denver, which was created by the city charter, with other school districts organized under the general law and composed of territory partly within and partly without the city limits, and providing particularly how the affairs of the new district should be carried on, is obnoxious to the inhibition of the constitution against the passage of local or special laws for the management of common schools.

*Original Proceeding.*

The opinion of the court was delivered in response to the following resolution and interrogatories from the honorable senate:

" Whereas, there is now pending before the general assembly of the state of Colorado senate bill No. 23, — a bill for an act to amend an act entitled ' An Act for the Support and Better Regulation of the Public Schools of Denver,' approved February 13, 1874, — which has passed both houses and been delivered to the governor of the state, and by him returned to the senate, without his approval, on the ground that the provisions of the bill are in conflict with certain provisions of the constitution of the state, by virtue of an opinion rendered by the honorable attorney general ;

" Now, whereas, the constitutionality of said bill has been questioned, and thereby an important question upon a solemn occasion has arisen ;

" Therefore, be it resolved by the senate of the state of Colorado, that the said bill be submitted to the honorable supreme court of Colorado, and the said court be, and it is hereby, requested to give this senate its opinion as to the constitutionality of said bill, as follows :

" *First :* Are the provisions of said bill in conflict with section 25, article V. of the constitution ?

" *Second :* Are the provisions of said bill in conflict with section 7, article XI. of the constitution ? "

The foregoing questions were discussed by BYRON L. CARR, Attorney General, Mr. PLATT ROGERS, Mr. J. WARNER MILLS, Mr. THEO. H. THOMAS, Mr. JACOB FILLIUS and Mr. GEO. N. HURD, *amici curiæ.*

PER CURIAM. The bill submitted with the foregoing interrogatories is entitled " A Bill for An Act to Amend An Act Entitled ' An Act for the Support and Better Regulation of the Public Schools in the City of Denver,' Approved February 13, 1874, and the Act Amendatory Thereto, Approved February 2, 1876."

At the time the original act was passed the city of Denver was embraced within one school district, but with the subsequent growth of the city six other districts have been

incorporated and are now in existence under the general law of the state. These districts are composed of territory partly within and partly without the city limits of the city of Denver, and the chief object of the proposed bill would seem to be to provide a manner in which these districts may be consolidated and made a part of school district No. 1, without the consent of the latter district. The title confines its provisions to the public schools of Denver, and it requires no argument to show that under such a title it is not proper to legislate for districts that lie partly without the city limits.

The fact that the original act was passed prior to the adoption of the state constitution, when the title was of no significance in determining the validity of an act, cannot avail for the purpose of upholding the new features not embraced within the title that are now sought to be incorporated into the body of the act by the proposed amendments.

Coming now to that part of the constitution to which our attention is specifically invited by the communication from the honorable senate, we find that this section, in so far as it affects the question under consideration, reads as follows:

" The general assembly shall not pass local or special laws in any of the following enumerated cases—that is to say: * * *

" 13. Providing for the management of common schools. * * *

" 24. In all other cases where a general law can be made applicable no special law shall be enacted." Article V., sec. 25, Constitution of Colorado.

In the oral argument with which the court was favored by the friends of the bill on the one side, and those opposed on the other, it was conceded by all that the bill is special in character. It is claimed, however, that it does not come under the thirteenth provision of article V., for the reason that it does not relate to the management of common schools. In this claim we are unable to agree with the friends of the measure. The bill provides that the new district shall be controlled by a board of eleven directors, and it designates

the terms for which they shall be elected. It provides that these directors shall possess other and different qualifications from those required of directors in other school districts of the state. It provides in what manner the school board shall disburse the school funds of the district; the manner in which supplies and materials are to be furnished for the district. It provides for the division of the school district into fifteen election districts; that the school board shall give preference to teachers educated in the state of Colorado, and that "no teacher * * * shall be employed in any of the schools of the consolidated district unless he or she shall have resided in the district at least six months before entering upon the discharge of his or her duty." It provides a maximum amount, in excess of which the board is not permitted to go in fixing the salary to be paid any teacher, principal, etc.; and also a maximum salary for the superintendent of the consolidated district.

Webster defines the word "management" to be "the act or art of managing; the manner of treating, directing, carrying on or using for a purpose; conduct; administration; guidance; control; as, the management of a farm; the management of state affairs." From this it will be seen that the word is one of comprehensive meaning, and when the legislature undertakes to provide by special law the manner in which supplies shall be furnished, the compensation and place of education of teachers to be employed, etc., it is certainly legislating by a special act with reference to the management of certain of the common schools of the state, which legislation is inhibited by the express language of the constitution.

Cases from the state of Illinois have been cited by counsel as opposed to this conclusion; but when those cases are carefully examined, it will be found that the only point decided, bearing upon the question before us, is that the levy of taxes for the support of schools is not embraced in the word "management," and therefore not within this particular inhibition of the constitution, but this bill goes far beyond the act up-

held in that state.  *Speight v. The People,* 87 Ill. 600 ; *Law v. The People,* 87 Ill. 385 ; *Fuller v. Heath,* 89 Ill. 296.

The prevailing spirit, as well as the letter of our constitution, is against special laws.  The extent to which this bill violates this general spirit strongly appears when it is remembered that under its provisions it is proposed to do away with six school districts incorporated under the general law of the state, and unite the territory included within these districts to another district in such manner as to compel all to be governed by the special charter of that other district.

In the oral argument it was claimed that the provisions of this bill permitted annexation only by a vote of the districts sought to be brought under such special charter found support in the opinion of this court *In re Extension of Boundaries of the City of Denver,* 18 Colo. 288 ; but we think that opinion does not support such claim.  It was there said that " the power of the legislature to annul the existence of the adjoining towns by amendment to the charter of the city of Denver, as provided by the bill submitted, must be denied."

The legislature being inhibited from annexing adjoining towns to the city of Denver by an amendment to the special charter of the city, it could not, under the guise of an amendment, provide by a special act that the towns might by vote elect to come in, and thus by indirection accomplish that which it was without power to do directly.  Recognizing this principle, it provided for annexation by a general law.  Session Laws, 1893, p. 451.

For the reasons given the first interrogatory must be answered in the affirmative, and this renders the consideration of the second unnecessary.