[No. 4015.]

In re Annexation and Consolidation of School Districts,
Senate Bill No 9.

School Districts—Consolidation—Constitutional Law.

An act providing for the annexation and consolidation of school districts
organized and existing under the general school laws of the
state with school districts organized and existing under special charter,
is in contravention of section 25, article 5 of the constitution,

which prohibits the general assembly from passing local or special laws providing for the management of common schools.

*Original Proceeding.*

*Question from Senate.*

Mr. THEODORE H. THOMAS, Mr. W. W. ANDERSON and Mr. EDWARD O. RUSSELL, for the bill.

Mr. CLAY B. WHITFORD and Mr. CALVIN E. REED, against the bill.

PER CURIAM.   The honorable senate, now in session, having under consideration senate bill No. 9, entitled "A bill for an act to provide for the annexation and consolidation of school districts, organized and existing under the general school laws of the state of Colorado, with school districts organized and existing under special charters," by resolution, directed that it be submitted to this court for an opinion as to its constitutionality.   The bill in question is general in its terms, although it is conceded by the resolution that its sole purpose and object is to permit school districts Nos. 2, 7, 17 and 21, which are partly within and partly without the limits of the city of Denver, to unite with district No. 1 of this city. On the part of those who question its constitutionality, it is contended that the bill is in conflict with several different sections of the constitution, but we do not deem it necessary to consider more than one of the provisions of the constitution with which it is claimed to be in conflict, namely, section 25, article 5, which, in effect, provides that the legislature cannot single out a district or districts, organized under the general law, and pass an act for the management of the schools in such territory different from that provided for their control in other districts, also existing under the general school law of the state.   School district No. 1, of the city of Denver, is organized under a special charter, passed at the 10th session of the legislative assembly of the territory of Colorado.

Laws, 1874, p. 234. The other school districts above mentioned are organized and now acting under the general laws of the state. The question now under consideration was before this court. *In re Consolidation of School Districts, Senate Bill No. 23*, 23 Colo. 499. That bill purported to be an amendment to the act incorporating school district No. 1, and by its terms provided the manner by which certain other contiguous districts might be consolidated with No. 1. In that matter it was held that the passage of local or special laws for the management of our common schools is prohibited by the constitution, which provides that the general assembly "shall not pass local or special laws providing for the management of common schools," (section 25, article 5, *supra*); and as the effect of that bill would have been to provide a special law for the management of the schools of the districts consolidated with No. 1, it was held to be obnoxious to that provision of our constitution; and it is now contended that, although the present proposed bill is general in its character, that inasmuch as the result would be, if it is passed, to permit districts organized under the general law to abandon their corporate existence, and thereafter be governed by the special provisions of the charter under which school district No. 1 is acting, it is open to the same objection. This bill purports to provide the method by which districts organized and existing under the general school law may consolidate with those organized under special charters. When so annexed or consolidated, they become part of the district organized under special charter, and must, therefore, be governed and controlled by the charter of that district, which is special, and the effect will be to permit such districts, after annexation, to manage and control their schools in a manner different from that provided by the general laws of the state. This change could not be directly effected by a special act for that purpose. *In re Consolidation of School Districts, supra;* that is, the legislature could not by law directly provide that specified school districts, organized under the general laws of the state, should be consolidated with one existing under a special

charter, and what it is prohibited from doing directly, it cannot accomplish indirectly; and although this bill provides the method which the legal electors of the districts organized under the general school laws shall pursue in effecting annexation and consolidation with another existing under a special charter, this proviso does not remove its unconstitutional feature, because when these provisions of the bill are complied with, and a consolidation thus effected, the result is identical with that which would follow an act providing in express terms that specified districts under the general law and a special charter should be consolidated without any action on the part of either of the districts thus affected; and under the guise of an act general in its character, the plain, mandatory provisions of the constitution cannot be violated. Its letter and spirit is opposed to special laws, and to prevent them, prohibits legislation of this character; and although we are aware that strong reasons are advanced in favor of permitting districts contiguous to No. 1 to consolidate with it, these are not matters which can be considered in determining the constitutionality of the proposed act. The constitution is the supreme law of the state, solemnly adopted by the people, which must be observed by all departments of government; and if any of its provisions seemingly impose too great a limitation, they must be remedied by amendment, and cannot be obviated by the enactment of laws in conflict with them.

The act in question, except the changes made necessary by the difference in object, is a copy of the act of the laws of 1893, p. 451, providing how contiguous towns and cities may become annexed to another existing under a special charter; and as this law is upheld in the case of *Mayor, etc., of Valverde v. Shattuck*, 19 Colo. 104, it is urged that for the same reasons the proposed one under consideration must, also, be declared valid. From an examination of that case it appears that the only question urged regarding the special character of the legislation under which contiguous towns annexed themselves to the city of Denver was the inhibition in sec-

tion 25, article 5, which prohibits the legislature from passing any special act "regulating county or township affairs;" and it was there held, that the term "township" did not embrace a voluntary municipal corporation; so that the *Valverde* case, *supra*, is not an authority in point, for the reason that the prohibition there relied upon did not extend to towns; while with regard to common schools, we are met with the express constitutional limitation, which prohibits the legislature from passing any special law for their management.

For the reasons already given, we are of the opinion that the proposed bill is unconstitutional, and it is unnecessary to consider other questions which have been raised, touching its validity.