Points Decided.

(January 13, 1910.)

## L. B. HOWARD, Appellant, v. INDEPENDENT SCHOOL DISTRICT NO. 1 OF NEZ PERCE COUNTY, Respondent.

[106 Pac. 692.]

CONSTITUTIONAL LAW—LOCAL AND SPECIAL LAWS—EDUCATIONAL CORPORATIONS—INDEPENDENT SCHOOL DISTRICT—BONDING SCHOOL DISTRICTS—PURPOSE OF BOND ELECTION—NOTICE OF BOND ELECTION.

1. The act of Congress organizing Idaho as a territory did not prohibit the territorial legislature enacting special or local laws for the organization of school districts.

2. The act of Dec. 30, 1880 (11 Terr. Sess. Laws, p. 408), and the subsequent territorial amendments thereto, were not repugnant to, or in conflict with, the constitution of the state of Idaho subsequently adopted and approved by the people, and were not abrogated or repealed by the constitution.

3. Under the provisions of sec. 2, art. 11 of the constitution, the legislature has the right to extend, change, or amend by special law the charter of any "educational corporation" which existed in the state at the time of the adoption of the constitution and which is under the control of the state.

4. An independent school district, created and organized under special charter from the territorial legislature, is as fully an "educational corporation" under the control of the state within the purview of sec. 2, art. 11 of the constitution as is any other educational corporation within the state.

5. The mere fact of the existence of an independent school district under special charter granted by the territorial legislature does not render the special act or charter under which it exists obnoxious to the *uniformity* requirement of the state constitution.

6. Under the provisions of sec. 3 of art. 8 of the constitution, and sec. 33 of the 1909 amendments to the charter of Independent School District No. 1 of Nez Perce county, organized under act of Dec. 30, 1880 (Special and Local Laws, p. 166), the voting of bonds for the purpose of raising money to purchase three separate and independent school sites and the building of three separate buildings and purchasing fixtures and furniture therefor, is *one* "purpose," and is properly submitted as one proposition.

7. Where the title to an amendatory act refers to an educational corporation as "Independent School District No. 1 of Nez Perce county, Idaho," and the body of the act itself designates and creates the corporation as "Independent District No. 1 of Nez Perce

county, Idaho," the omission of the word "school" in the name of the corporation in the body of the act is an immaterial variance, and does not defeat the purpose and object of the statute.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County.   Hon Edgar C. Steele, Judge.

Action by plaintiff to enjoin and restrain the sale of school bonds.   Judgment for the defendant and plaintiff appealed. *Affirmed.*

Eugene A. Cox, for Appellant.

The election for the issuance of these bonds was void for the reason that the election was called for the purpose of submitting at one time several distinct and independent propositions.   The notice of election specifies these several propositions, and the electors were not permitted to vote upon each several distinct and independent proposition, but were compelled to vote yes or no upon all of the matters submitted. (*Board of Supervisors v. R. Co.,* 21 Ill. 338; *State ex rel. City of Bethany v. Allen,* 186 Mo. 673, 85 S. W. 531; *Village of Hempstead v. Seymour,* 34 Misc. Rep. 92, 69 N. Y. Supp. 462.)

Fred E. Butler, for Respondent.

The respondent is an "educational corporation," and within the exception of sec. 2, art. 2 of the constitution.   (*Butler v. Lewiston,* 11 Ida. 393, 83 Pac. 234; *Wiggin v. Lewiston,* 8 Ida. 527, 69 Pac. 286; *McGilvery v. Lewiston,* 13 Ida. 338, 90 Pac. 348; *Boise City Nat. Bank v. Boise,* 15 Ida. 792, 100 Pac. 93.)

The question submitted to the voters at the special election was one single and entire proposition.   It was whether or not the board should issue bonds of the district in the sum of $55,000 for the purpose of providing schoolhouses and grounds for the district.   The location, size and other detail of construction is entirely within the discretion of the board of directors, and when that discretion has been exercised, courts invariably refuse to interfere.   (*Parker v. Concord,* 71 N. H. 468, 52 Atl. 1095; *Trigally v. Memphis,* 6 Coldw.

389; *Milne v. Davidson,* 5 Mart., N. S. (La.), 409, 16 Am.
Dec. 189, and note; *State v. Williams,* 11 S. C. 291; also note
in 1 L. R. A. 169; *Hubbard v. Woodsum,* 87 Me. 88, 32 Atl.
802; *Hamilton v. Village of Detroit,* 83 Minn. 119, 85 N. W.
933.)

AILSHIE, J.—This action was instituted in the lower court
by the plaintiff, as a taxpayer of Independent School Dis-
trict No. 1 of Nez Perce county, to restrain the officers of the
school district from issuing and selling bonds of the district
in the sum of $55,000, for the purpose of purchasing three
tracts of land in different sections of the school district for
school grounds, and for the purpose of erecting and furnish-
ing three school buildings thereon. The court sustained a
demurrer to the complaint and dismissed the action and the
plaintiff has appealed.

The Independent School District, comprising the city of
Lewiston, was created by an act of the territorial legislature
approved December 30, 1880 (11 Terr. Sess. Laws, p. 408).
This act was successively amended as follows: February 7,
1883 (12 Terr. Sess. Laws, p. 154); January 22, 1885 (13
Terr. Sess. Laws, p. 195); February 5, 1885 (13 Terr. Sess.
Laws, p. 196); and March 6, 1909 (1909 Sess. Laws, p. 43).
The proceedings taken by the trustees of the school district
are under the amendment of 1909. The board called an elec-
tion for the purpose of voting on the proposition to issue the
bonds of the district in the sum of $55,000. The notice of
election recites, among other things, that the election is called
for the following purposes:

"For the purpose of submitting to the qualified electors
of said district, who are resident taxpayers therein, the ques-
tion and proposition of authorizing the board of directors of
said independent district to issue the negotiable coupon bonds
of said district in the sum of fifty-five thousand ($55,000)
dollars, payable in gold coin of the present standard of
weight and fineness. . . . .

"That the proceeds from the sale of such bonds shall be de-
voted exclusively for the purpose of providing said district

with additional schoolhouse grounds and erecting a school-house thereon near the site of the present high school build-ing in the city of Lewiston at an estimated cost of $40,000; and for the purpose of providing said district with additional schoolhouse grounds and erecting a four-room schoolhouse thereon near Ninth avenue and Twenty-sixth street, in the city of Lewiston, at an estimated cost of $12,000 (said school-house to be erected in such a manner that additional rooms may be added thereto whenever the necessities therefor may require without materially damaging such building), and for the purpose of providing said district with additional school-house grounds and erecting a two-room schoolhouse thereon, in one of the Lewiston Orchard Tracts, at an estimated cost of $3,000; and for the purpose of furnishing each of said school buildings with proper and necessary furniture, ap-paratus and fixtures."

The vote on the proposition submitted was favorable to the issuance of the bonds, and all proceedings have been taken necessary for the issuance and sale of the bonds, and it ap-pears that the district is now about to deliver the bonds to the purchaser.

It is first contended by the appellant that the act of De-cember 30, 1880, incorporating the Independent School Dis-trict, comprising the city of Lewiston, became unconstitutional and void upon the admission of the state into the Union, for the reason that it was in violation of the provisions of sec. 1 of art. 9 of the state constitution, and for the further rea-son that it was in violation of the provisions of sec. 19 of art. 3. The above-mentioned provisions of the constitution are as follows:

Sec. 1, art. 9: "The stability of a republican form of gov-ernment depending mainly upon the intelligence of the people, it shall be the duty of the legislature of Idaho to establish and maintain a general, uniform and thorough system of pub-lic, free common schools."

Sec. 19, art. 3: "The legislature shall not pass local or spe-cial laws in any of the following enumerated cases, that is to say: . . . .

"Providing for the management of common schools.

"Creating offices or prescribing the powers and duties of officers in counties, cities, townships, election districts or school districts, except as in this constitution otherwise provided. . . . . "

It was unquestionably within the power of the territorial legislature to grant a special charter to Independent School District No. 1 of Nez Perce county. "Under the organic act of the territory, the enactment of special laws was not prohibited." (*Butler v. City of Lewiston,* 11 Ida. 396, 83 Pac. 234; *Wiggin v. Lewiston,* 8 Ida. 527, 69 Pac. 286.)   The only question to be considered here is: Did the constitution have the effect of repealing or abrogating the special charter granted by the territorial legislature to the respondent corporation?   In answering this inquiry, we turn to sec. 2, art. 21, of the constitution and find that it provides as follows: "All laws now in force in the territory of Idaho which are not repugnant to this constitution shall remain in force until they expire by their own limitation or be altered or repealed by the legislature."   Preceding the foregoing provision of the constitution the framers of that instrument had provided by sec. 2 of art. 11 as follows: "No charter of incorporation shall be granted, extended, changed or amended by special law, except for such municipal, charitable, educational, penal or reformatory corporations as are or may be, under the control of the state; . . . . "   It will be noticed that by the provision of sec. 2 of art. 11 of the constitution above quoted, the constitution recognizes the right of the legislature to extend, change, and amend by special law the charter of educational corporations that were in existence at the time of the adoption of the constitution.   This evidently had in view all the educational corporations that existed under special charter at the time of the adoption of the constitution, such as the state university, normal schools, and such independent school districts as were then operating under special charter.   An independent school district organized and existing under a special charter at the time of the adoption of the constitution was as much an "educational corporation" as

any other educational institution that had been incorporated under special charter.    There is nothing in the organization and existence of an independent school district chartered for the purpose of maintaining and conducting "public, free common schools" that is in conflict with either the letter or spirit of the constitution.    The mere fact of its existence is not obnoxious to the *uniformity* requirement of the constitution.

The second contention made by appellant is that the board of trustees violated the provisions of the constitution (sec. 3 of art. 8) in submitting the question of issuing these bonds as *one* proposition instead of submitting it as three separate and independent propositions.    It is the contention of the appellant that since the notice of election specified that the money received from the sale of the bonds was to be used in the purchase of three school sites and the erection of three separate school buildings in different sections of the school district, there were necessarily three propositions, and that the voter was entitled to an opportunity to vote for any one and against the others, or against any one and for the other propositions.

Sec. 3 of art. 8 of the constitution provides that, "No county, city, town, township, board of education, or school district, or other subdivision of the state shall incur any indebtedness, or liability in any manner, or for any purpose, exceeding in that year  the income and revenue provided for it for such year  without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose. . . . ."

Sec. 33 of the 1909 amendment to the charter of respondent corporation provides as follows:

"The board of directors . . . . may, when a majority of said board so decide, submit to the qualified electors who are taxpayers of the district, . . . . the question whether the board shall be authorized to issue the negotiable coupon bonds of. the district in an amount to be mentioned in the notice of election, for the purpose of providing and improving schoolhouses and grounds, and furniture, apparatus and fixtures for said district or any or either of said purposes. . . . ."

It will be observed from the foregoing provisions of the constitution that where a vote is to be taken on the question of bonding "for any purpose," that an election must "be held for that purpose." The legislature in enacting sec. 33 of the 1909 amendment to the charter of the respondent school district interpreted this constitutional provision as including "schoolhouses and grounds, and furniture, apparatus and fixtures" in *one purpose* as they also indicated that any one of the objects therein named might likewise be for *one purpose.* That one purpose is evidently the equipment of the district for maintaining its public schools. All of those things constitute one common purpose. It is necessary to have school grounds, but grounds alone are not enough; it is also necessary to have buildings; it is likewise necessary to have furniture, apparatus and fixtures. These things are all parts of one "purpose"; namely, the equipment for maintaining public schools within the district. If the district had attempted to combine this proposition with a proposition to issue funding bonds or the issue of bonds for some other separate or independent proposition, then the objections raised would undoubtedly have been well taken and within the purview of both the constitution and statute. The object of requiring each "purpose" to be separately stated and submitted is to prevent combining separate subjects so that one may gather votes for the other. (*Harris v. People,* 59 N. Y. 599.)

The charter, however, vests in the school board the power and discretion to purchase school grounds, to erect school buildings, to buy furniture and fixtures and supplies; and it was only incumbent on them in submitting the proposition to vote bonds to notify the voters of the general purpose for which the money realized from the bonds was to be used. It was not incumbent upon them, however, as we view the constitution and statute, to specify the particular amount to be expended for each separate object. Indeed, that would have been practically impossible. They could, perhaps, not tell in advance just how many hundreds or thousands of dollars it would take for any particular school site or building; nor could they tell just how many dollars it would take to pur-

chase supplies, fixtures and apparatus. All of these objects, however, are but parts of a common purpose. Our view of this statute seems to be supported by the following authorities: *Hubbard v. Woodsum*, 87 Me. 88, 32 Atl. 802; *Hamilton v. Village of Detroit*, 83 Minn. 119, 85 N. W. 933; *Rock v. Rinehart*, 88 Iowa, 37, 55 N. W. 21; *Gifford v. Transportation Co.*, 10 N. J. Eq. 177. The cases of *Board of Supervisors v. M. & W. R. Co.*, 21 Ill. 338, *State v. Allen*, 186 Mo. 673, 85 S. W. 531, and *Village of Hempstead v. Seymour*, 34 Misc. Rep. 92, 69 N. Y. Supp. 462, cited by appellant, are not in point here, for the reason that in those cases, separate, distinct and independent questions were attempted to be submitted together as one proposition; for example, the purchase of an electric light plant and of a water system were attempted to be united as a single proposition in one case, while the voting of a subsidy to two separate and independent railroad companies was submitted as one proposition in another case.

Lastly, it is contended by appellant that the amendment of 1909 is void, for the reason that in sec. 4 thereof the respondent corporation is named and designated as "Independent District No. 1 of Nez Perce county, Idaho," while the title to the act recites that it is "to provide for the organization and government of Independent School District No. 1 of Nez Perce county, Idaho." The point is made that the amendment is void for the reason that the title to the act named the corporation as "Independent School District No. 1 of Nez Perce county, Idaho," while the act itself left out the word "school" and merely named it "Independent District No. 1 of Nez Perce county." This variance between the title and the body of the act is immaterial, and could not defeat the statute or the objects of the lawmakers.

We find no error in the record and the judgment will therefore be *affirmed*.

Sullivan, C. J., and Stewart, J., concur.