227 P.2d 947

COMMON SCHOOL DIST. NO. 2 OF NEZ PERCE COUNTY et al. v. DISTRICT NO. I OF NEZ PERCE COUNTY et al.

No. 7694.

Supreme Court of Idaho.

March 2, 1951.

194

Sam S. Griffin, Boise, for Independent School Dist. of Boise City, C. Stanley Skiles, Boise, for Boise City, amici curiae.

Cox, Ware & Stellmon, and Thomas A. Madden, all of Lewiston, for respondents.

J. H. Felton and William J. Jones, Lewiston, for appellants.

GIVENS, Chief Justice.

District No. 1 of Nez Perce County is an Independent School District at Lewiston in Nez Perce County, organized and operating under a special charter granted by act of the Territorial Legislature December 30, 1880, p. 408, 1880 Session Laws, and variously amended from time to time. Immediately south of and adjacent thereto is Common School District No. 2 organized under the general school laws; District No. 4, similarly organized, is immediately south of No. 2 and likewise, No. 3 is immediately south of No. 4. Districts Nos. 3 and 4 have for many years last past utilized solely the school house in District No. 2.

At an election May 15, 1950, ordered by said District No. 1 under and in compliance with the provisions of Chapter 92, 1939 Session Laws, p. 152, the voters of the three districts rejected annexation. May 16, 1950, more than ten resident freeholders of School District No. 2 petitioned appellants to hold an election to pass upon annexation. Remonstrance petitions were filed and later, upon proper application, a writ of prohibition was granted by the District Court restraining the holding of such election on the ground said Chapter 92, supra, is unconstitutional as expressly violative of Art. 3, Sec. 19 and Art. 9, Sec. 1 of the Constitution. Interested voters in District No. 2 were allowed to appear and contest the application for the writ and are appellants herein.

Special charters of cities and school districts ante-dating the Constitution survived it, and such political entities since its adoption have constitutionally and legally operated thereunder, and amendment of such charters may be made only by local and special laws which are not inhibited by Art. 3, Sec. 19. Wiggin v. City of Lewiston, 8 Idaho 527, 69 P. 286; Butler v. City of Lewiston, 11 Idaho 393, 83 P. 234; Boise City National Bank v. Boise City, 15 Idaho 792, 100 P. 93; Howard v. Ind. School District No. 1, 17 Idaho 537, 106 P. 692; Bagley v. Gilbert, 63 Idaho 494 at 500, 122 P.2d 227; Clark v. Alloway, 67 Idaho 32 at 41, 170 P.2d 425.

No provision of Art. 3, Sec. 19 is more potent than any other, or any more restrictive, upon the passage of local and special laws amending a special Charter. State v. Romich, 67 Idaho 229 at 241, 176 P.2d 204.

District No. 1 was expressly recognized as a validly organized school district in Howard v. Ind. School District No. 1, supra, thus completely crossing the Rubicon of Art. 9, Sec. 1, because, if by such Section school districts could be organized only under the general statutes as respondent argues, the court could not have recognized the valid existence of District No. 1.

Respondents rely upon two Colorado cases, In re Senate Bill No. 23, 1897, 23

Colo. 499, 48 P. 647, and In re Senate Bill No. 9, 1899, 26 Colo. 136, 56 P. 173, in support of their contention this statute is unconstitutional. Suffice to say this Court in the decisions above has held directly to the contrary to the extent these Colorado cases are in conflict, finding adequate distinction in that we do not have the provisions in some constitutions, including Colorado, Art. 5, Sec. 25 last sentence, prohibiting special laws where a general law will be applicable. Butler v. City of Lewiston, 11 Idaho 393 at 398, 83 P. 234, supra.

■ Respondents attempt to differentiate between the constitutional right of the Legislature to amend special charters as to internal and as to external affairs of a chartered municipality or district.

In the first place, no such distinction is to be found in Art. 3, Sec. 19. In the second place, to follow such inhibition or distinction, as applied to extension of boundaries, to its logical end would mean no school district or municipality under special charter could ever extend its boundaries beyond those existing at the time of the original establishment—a patent absurdity. In re Common School Districts Nos. 18 and 21, 52 Idaho 363, 15 P.2d 732; American Nat. Bank v. Joint Ind. School Dist., 61 Idaho 405, 102 P.2d 826; 62 C.J. 122, 146; 56 C.J. 212.

■ Respondents further urge the horrendous results of upholding this statute as distinguished from the general statute and the potential wholesale gobbling up of little districts or surrounding territory by large chartered districts, but districts under the general statute may likewise annex and no attack is made thereon. If there is no constitutional inhibition on annexation generally, and respondents do not suggest that annexation as such transcends any provision of the Constitution, such argument is of no force. Furthermore, the only essential differences between the general law and the charter are: under the general statute, Chapter 5, Title 33, I.C., supervision and control by County and State committees, and method of election, and that a second election cannot be held within sixty days after a preceding election. Both under the general law and Chapter 92, the voters in the areas affected, i. e., to be annexed, determine by election—essentially in the same ultimate manner—whether they desire to be taken in.

Such differences noted above do not and there is no valid claim urged they do, make the method and procedure under Chapter 92 unconstitutional.

The extension of the boundaries of a specially chartered school district is as germane to the purposes for which it was chartered as the extension of an unchartered district under the general statute.

Lastly, respondents urged Chapter 92 is unconstitutional as imposing a bonded indebtedness upon the annexed territory not in compliance with Section 33-909, I.C. The proceedings and the proposed vote be-

ing for annexation and not to authorize issuance of bonds, Section 33-909, I.C. has no application.

Though not free from doubt, because respondents do not mention the Section, we assume they contend the charter provisions under consideration violate Article 8, Section 3, Const., because this clause—"Thereafter the persons and property in said annexed territory shall be subject to all of the benefits, obligations and burdens of said district," imposes the existing bonded indebtedness of District No. 1 on the annexed territory. The election provided for in the charter being governed by only a majority, not a two-thirds vote.

So construed, it would be unconstitutional, People v. Hanford Union High School Dist., 148 Cal. 705, 84 P. 193, but the perforce inherent meaning of the words "all," "obligations and burdens," context of the charter, and paramount pertinent rule of statutory construction do not justify such interpretation.

The words, "obligations and burdens" are of general meaning and do not of themselves denote or connote any particular character, kind or type of indebtedness; nor does the word "all," though completely comprehensive, thereby encompass bonded indebtedness because this court early announced, has consistently adhered to and emphasized this rule of statutory construction:

" 'The rule of construction universally adopted is that when a statute may constitutionally operate upon certain persons, or in certain cases, and was not evidently intended to conflict with the Constitution, it is not to be held unconstitutional merely because there may be persons to whom or cases in which it cannot constitutionally apply; but it is to be deemed constitutional, and to be construed not to apply to the latter persons or cases on the ground that courts are bound to presume that the Legislature did not intend to violate the Constitution.' " 14 Idaho at page 766, 95 P. at page 680.

" 'We construe the general words of our statute to be comprehensive only of those cases which are the rightful subjects of legislation of the kind in question. However, we disavow doing so merely in order to shelter the statute under the rule mentioned, but because the ancient established and wise canon of interpretation requires it to be done. Sporadic and anomalous cases indicating to the contrary may be found, as they may be found to the contrary of every settled accepted doctrine of the law; but the rule that the general words of statutes will be restricted in application to cases presumptively within the legislative intent has been so long accepted as a cardinal principle that its occasional denial, even by the most learned of courts, fails utterly of adverse impression.' " 14 Idaho at page 767, 95 P. at page 681.

" * * * it (statute) should properly be construed in connection with the Constitution as covering only those cases contem-

plated by the Constitution and excluding those on which the legislative authority could not act." In re Gale, 14 Idaho 761, 768, 95 P. 679, 681.

"* * *, there is another principle of law which would be applicable here, and that is that, where a statute would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, it should be held to have been intended by the Legislature to apply only to the latter class, and not to the former (citing authorities), and so we have no hesitancy in holding that the statute here in question has no application or reference to a corporation engaged solely and exclusively in interstate commerce, or in any way to interstate business, and so for that reason the statute does not run counter to the commerce clause of the federal Constitution." Northern Pac. Ry. Co. v. Gifford, 25 Idaho 196 at 202, 136 P. 1131, 1132.

 Applying these principles, we are justified in holding the charter imposes an obligation on the annexed territory to pay only current, ordinary and necessary expenses, not existing bonded or funded indebtedness of the annexing district.

"In cases like the one at bar, we have well-established rules in regard to the construction of statutes when their constitutionality is questioned. One is that the presumptions are all in favor of the constitutionality of a statute. Judge Cooley in his work on Constitutional Limitations (7th Ed.) page 255, quoting from Newland v. Marsh, 19 Ill. 376, states the rule as follows: 'Whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts'; and it is held by many courts that where there is room for two constructions of a statute, both equally obvious and equally reasonable, the court must, in deference to the Legislature of the state, assume that it did not overlook the provisions of the Constitution, and designed the act to take effect. In this case it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the words used, brings the statute into harmony with the provisions of the Constitution." Citing cases. Grice v. Clearwater Timber Co., 20 Idaho 70 at 77, 117 P. 112, 114;

Hall v. Johnson, 53 Idaho 667 at page 676, 27 P.2d 674; J. C. Penney Co. v. Diefendorf, 54 Idaho 374 at 381, 32 P.2d 784; Johnson v. Diefendorf, 56 Idaho 620 at 636, 57 P.2d 1068; Robinson v. Enking, 58 Idaho 24, 69 P.2d 603; Idaho Gold Dredg. Co. v. Balderston, 58 Idaho 692, 78 P.2d 105; Independent School District v. Common School District, 64 Idaho 303 at 308, 131 P.2d 786.

As against the attack made upon it by respondents, Chapter 92 of the 1939 Session Laws is not unconstitutional. The judgment granting the writ of prohibition is, therefore, reversed and the cause remanded with directions to discharge the writ and

permit the election to be held. Costs awarded to appellants.

Petition for rehearing denied.

PORTER and TAYLOR, JJ., and SUTTON, District Judge, concur.

KEETON, Justice (dissenting).

The trustees of Independent School District No. 1 (Lewiston School District) by resolution adopted April 10, 1950, ordered a special annexation election to be held in School District No. 2, Nez Perce County, on June 16, 1950, pursuant to the provisions of Sec 3, Chap. 92, Idaho Session Laws of 1939, which law respondents (Common School Districts No. 2, 3 and 4 of Nez Perce County) contend, and the trial court found to be unconstitutional. This special legislative act, Chap. 92, supra, amended a former legislative act approved December 30, 1880.

In a former annexation election called for respondent school districts for the same purpose, held May 15, 1950, the proposed annexation was rejected. A second election was then called embracing only the territory of Common School District No. 2, to be held June 16, 1950. This action was brought by the school districts affected, Common School Districts No. 2, 3 and 4, of Nez Perce County, to prohibit the election, alleging among other things, that Sec. 3, Chap. 92, Idaho Session Laws of 1939 is unconstitutional. The lower court so found and permanently prohibited, by appropriate order, the holding of such election. This appeal is from the order.

In examining the legal questions submitted, it should be borne in mind that the territory embracing Common School District No. 2, was never a part of the Lewiston District; also, Districts No. 2, 3, and 4 are common school districts, created under the general laws of the State, and conduct and maintain a school for the pupils of the three respondent districts. Further, School Districts No. 2, 3 and 4, are covered by the provisions of the reorganization school statute, Secs. 33-501 to 33-529, I.C., inclusive, passed in 1947.

It is here contended that the territory contiguous and adjacent to the appellant district (Lewiston) is not protected and covered by the reorganization school law or by the constitutional provisions hereinafter quoted, and that the appellant school district can proceed under a special act, Chap. 92, 1939 Session Laws, to incorporate within its boundaries territory plainly covered by the terms of the constitution and by the general laws of the State.

Not only under a special law does the appellant district attempt to take in territory not covered by its charter, but by so doing, it confiscates the school property of District No. 2 (school house equipment, etc.) and may saddle the taxpayers within the district with a bonded indebtedness (its proportional part of the bonded indebtedness of the defendant school district, $700.-000) without complying with any of the

statutes of the State or the Constitution providing the manner and method of bonding a political subdivision of the State. If the proceedings attempted here are upheld, the taxpayers of District No. 2 not only lose their school property, but, if Section 3, Chap. 92, 1939 Session Laws be followed as worded, become indebted in an undetermined sum by a majority vote of persons not shown to be legally qualified to assume such indebtedness. I think the wording of the statute supra susceptible of no other construction.

Art. 9, Sec. 1, of the Idaho Constitution provides as follows: "The stability of a republican form of government depending mainly upon the intelligence of the people, it shall be the duty of the legislature of Idaho, to establish and maintain a *general, uniform and thorough system of public, free common schools.*" (Emphasis supplied.)

Art. 3, Sec. 19 of the Constitution provides:

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say:
 * * * * * *

"Providing for and conducting elections, or designating the place of voting.
 * * * * * *

"Releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any person or corporation in this state, or any municipal corporation therein.
 * * * * * *

"Providing for the management of common schools.

"Creating offices or prescribing the powers and duties of officers in counties, cities, townships, election districts, or school districts, except as in this constitution otherwise provided."

Sec. 3, Art. 8, Constitution of Idaho: "No county, city, town, township, board of education, or school district, or other subdivision of the state, shall incur any indebtedness, or liability, in any manner, or for any purpose, exceeding in that year, the income and revenue provided for it for such year, *without the assent of two-thirds of the qualified electors* thereof voting at an election to be held for that purpose, nor unless, before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision *shall be void*: provided, that this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state." (Emphasis supplied.)

Sec. 2, Art. 11, Constitution of Idaho: "No charter of incorporation shall be granted, extended, changed or amended by special law, except for such municipal, charitable, educational, penal, or reformatory corporations as are or may be, under the control of the state; but the legislature shall provide by general law for the organization of corporations hereafter to be created: provided, that any such general law shall be subject to future repeal or alteration by the legislature."

The general demurrer to the petition admits the truth of the allegations contained in the petition, and among the facts alleged and admitted, are the following: "That by reason of their joint conduct of school for the past eight years or more, the plaintiff common school districts are in fact, if not in law, a single district and that such community of interest has been known to and recognized by the defendants, as hereinafter alleged."

Further, that while Common School District No. 2 has no bonded indebtedness whatsoever, Lewiston School District No. 1 has a bonded indebtedness of $700,000, and: " * * * that the taxpayers within plaintiff Common School District No. 2 will be saddled * * * with a liability for the bonded indebtedness of defendant District No. 1 and its corporate Board of Directors, without an election being held by the resident taxpayers only of said Common School District No. 2 to determine whether or not they wish to assume said indebtedness."

Sec. 3, Art. 8 of the Constitution, supra, provides that " * * * No * * * school district * * * shall incur any indebtedness * * * for any purpose * * * without the assent of two-thirds of the qualified electors * * * voting at an election to be held for that purpose * *."

Sec. 33-909, I.C. provides how an indebtedness exceeding the income and revenue provided for it in such year may be authorized and limits the indebtedness to a percentage of the value of the taxable property in the district.

Persons authorized to vote at a bond election must be qualified electors of the district and taxpayers, and before the bonds can be issued, two-thirds of such electors must vote in favor thereof.

The above quoted constitutional provisions either apply to *all* areas of the state, excluding specially chartered subdivisions, incorporated and chartered prior to the time the Constitution was adopted, or such provisions apply to no one and no area.

To hold that the safeguards and proceedings for creating indebtedness are not applicable to the respondent districts is, in effect, suspending and setting aside the Constitution as to some areas of the State and limiting in application the constitutional inhibitions. In other words, the Constitution is amended by a legislative act.

If the contention of the appellants is to be upheld, it is obvious that Sec. 3, Art. 8, and Sec. 19, Art. 3, of the Consti-

tution above quoted are, in effect, meaningless. By a process of including small areas or little pieces of contiguous or adjacent territory, there is no reason, in the course of time, why the appellant school district could not increase its area and boundaries so as to include all of Nez Perce County. Areas that did not want to be incorporated in appellant school district could be gerrymandered and divided into small areas favorable to the proposal and thus be incorporated into appellant school district.

It was never the intention of the framers of the constitution that specially chartered municipal subdivisions of the State could be extended to include other areas in the manner attempted here, and such extension is specifically prohibited by Sec. 2, of Art. 11 of the Constitution.

Cases cited to sustain the majority opinion: Wiggin v. City of Lewiston, 8 Idaho 527, 69 P. 286; Butler v. City of Lewiston, 11 Idaho 393, 83 P. 234; Boise City Nat. Bank v. Boise City, 15 Idaho 792, 100 P. 93; Howard v. Ind. School Dist. No. 1, 17 Idaho 537, 106 P. 692; Bagley v. Gilbert, 63 Idaho 494, 122 P.2d 227; Clark v. Alloway, 67 Idaho 32, 170 P.2d 425, dealing with internal affairs and amendments to special charters granted prior to the time the constitution was adopted are not in point here; nor are the dire and calamitous effects of an adverse ruling pictured by the appellants persuasive.

Section 3, Chap. 92, 1939 Session Laws, under which the proceedings for annexa-tion were had, provides as follows: "Thereafter the persons and property in said annexed territory shall be subject to *all* of the benefits, *obligations* and *burdens* of said district, and shall become part and parcel thereof, and said Independent School District No. 1 shall become vested with the title and right to possession of all of the school property, both real and personal, within the territory so annexed, and shall assume *all* the school indebtedness and obligations thereof." (Emphasis supplied.)

The petition in this case specifically alleged, as above set out, that the annexed territory (District No. 2) would be compelled to assume its proportional part of the indebtedness of the Lewiston School District, and the case was argued by all parties, including amicus curiae, on the theory that such would be the case; and that the words *"to all of the benefits, obligations and burdens of said district"* (emphasis supplied) included the bonded indebtedness and other obligations of the annexing district. I am of the opinion that the school districts involved, also the attorneys who argued the case, presumed that Common School District No. 2 would have to pay its part of the obligations of Independent School District No. 1, including bonded indebtedness. The section above quoted does not *except* bonded indebtedness.

The statute above quoted is without ambiguity and the question of statutory construction was not raised, briefed or argued by appellants or by amicus curiae. It

seems to me that the statute is clear and plain, and construing it as done in the majority opinion, reads into the statute exceptions not within its meaning.

The words *"all * * * obligations and burdens * * *"* (emphasis supplied) are all inclusive, and the words "all * * * obligations and burdens" were intended to and do include bonded indebtedness of the annexing district. In other words, there are not two interpretations that can be put on the statute. Where a statute is not reasonably susceptible of different interpretations, the wording cannot be changed, added to or subtracted from by a process of construction.

The court should give effect to the legislative intent, and the statute in question, by plain language and without ambiguity, includes all obligations and liabilities of the annexing district, including bond issues.

The majority opinion concludes that if the section above quoted included bond indebtedness as a part of the obligations and burdens of the annexing district, it would be unconstitutional. I am unable to construe the statute in question to mean otherwise.

Further, the time to act on the petition presented to the Lewiston School District, and the time for holding the contemplated election, as provided for in the statute has now passed, and no election provided for by the statute under the pending proceedings can now be had. The order appealed from should be affirmed.