Upon remand from the first appeal herein (American NationalBank v. Joint Independent School District No. 9, 61 Idaho 405,102 P.2d 826) and after the demurrer was accordingly overruled, respondent and cross-appellant herein filed its answer, which, by the limited denials thereof, in effect reiterated the defense of the statute of limitations.
Appellant and cross-respondent alone presented evidence. The court concluded that the previous opinion herein fixed June 14, 1934, as the date when the statute of limitations began to run, on the theory that when sufficient taxes had been collected the statute began to run. Consequently, the court denied payment of warrants which are exhibits 2 to 15, because the amount of $2016.39, collected by June 14, 1934, was sufficient to pay these in full. Said amount was sufficient to pay part only of the warrant which is marked exhibit 16; hence, it was held not to be barred. The statute of limitations had been tolled as to warrant-exhibit 1 because a part payment had been made thereon. The court therefore gave judgment ordering payment of warrant-exhibit numbers 1, 16, and the warrants which were later than 16 in point of time, the first warrant being dated October 17, 1930, and the last warrant being dated May 2, 1931. *Page 694 
Appellant has appealed from the judgment on the theory that judgment should have been entered requiring payment of all the warrants. Respondent has cross-appealed on the theory that the statute has run as to all.
The only new fact before the court upon the second trial, not before this court on the original appeal, was that $2016.39 in taxes had been collected by June 14, 1934. While many situations are presented and discussed by the respective parties in their briefs, one point is decisive, and consideration of it will dispose of the case. The court in the previous opinion did not fix the exact date when it considered the statute would begin to run, and while it expressly reserved the question of whether the statute began to run before the tax was collected, the determinative declaration was that, irrespective of when the statute began to run, it was interrupted and suspended by the moratorium act of 1933 (1933 S. L., Ch. 41) by which taxpayers were given until at least the second Monday in January, or January 14, 1935 (if not the second Monday in January, 1938, by the 1935 Sess. Laws, Ch. 93), to pay the tax and redeem their land from the tax liens.
The court held that the moratorium statute suspended the running of the statute of limitations because until the date mentioned the school district could not enforce and compel the payment of taxes, that it could not be required to do the impossible, i.e., pay without power to secure funds; hence, the commencement of the statutory limitation was deferred until that date. The reason the court held the moratorium statute applicable as postponing the commencement and running of the statute of limitations was not that taxes couldn't be paid but that their payment could not be enforced. The determinative date was not when taxes might by chance be received in an amount sufficient to retire the warrants, but when respondent was relieved of the bar of the moratorium and could compel and enforce the payment of taxes. The bar was not released, of course, until the end of the moratorium. (37 C. J. 1048, Sec. 461.)
The original complaint, having been filed June 14, 1939, was within five years of the first date, namely, January 14, 1935, and, consequently, under the law of the case as declared in the former appeal, the statute of limitations, regardless of its inception, had not run as to any of the *Page 695 
causes of action. Judgment should therefore be entered in favor of appellant and cross-respondent for all of the warrants.
Accordingly, the judgment is affirmed in part and reversed in part, and remanded with instructions to enter judgment in accordance herewith. Costs awarded to appellant and cross-respondent.
Holden, C.J., Ailshie, Budge, and Dunlap, JJ., concur.